```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

INSHIRAH H. HASAN and
OMRAN M.Z. HASAN,

        Plaintiffs,

v.                                 Case No. 8:22-cv-737-VMC-TGW

ANTHONY BLINKEN,
ALEJANDRO MAYORKAS,
UR M. JADDOU, and
THOMAS R. NIDES,

        Defendants.
_____/
```

## ORDER

This matter is before the Court on consideration of Defendants Anthony Blinken, Alejandro Mayorkas, Ur M. Jaddou, and Thomas R. Nides's Motion to Dismiss (Doc. # 35), filed on October 12, 2022. Plaintiffs Inshirah H. Hasan and Omran M.Z. Hasan responded on November 2, 2022. (Doc. # 39). For the reasons that follow, the Motion is granted.

### I. Background

"Inshirah H. Hasan was a United States Permanent Resident beginning on February 7, 2012." (Doc. # 31 at 4). Ms. Hasan became a United States citizen in February 2019. (Id.). Ms. Hasan is the mother of Omran M.Z. Hasan, "a citizen of Palestine (the West Bank)." (Id.).

1

"Ms. Hasan submitted a Form I-130 on behalf of Mr. Hasan seeking an immigrant visa as the unmarried minor son of a United States Permanent Residen[t] in accordance with 8 U.S.C. §1151(a)(1). This petition was received by USCIS on February 29, 2012 and assigned receipt number WAC1290220102." (Id.).

"On March 11, 2014, an Immigrant Visa Alien Registration Application Form DS-260 for Mr. Hasan was submitted and assigned the Case No.: JRS2013696004, with Confirmation No.: AA003M205A." (Id. at 5). "The Department of State, Consular Electronic Application Center indicated that the Immigrant Visa and Alien Registration Application Form DS-260 was forwarded to the interview location. On July 18, 2017, the National Visa Center ('NVC') indicated via email that the NVC had completed its processing of the visa petition and forwarded it to the United States Embassy in Jerusalem." (Id.). As of January 2020, Plaintiffs were informed that the Immigrant Visa Application "was still undergoing necessary processing." (Id.).

Plaintiffs filed this action on March 30, 2022, seeking a writ of mandamus to compel adjudication of the Form I-130. (Doc. # 1). Then, according to Plaintiffs, they were notified in September 2022 that "the Form I-130 was summarily denied

2

on July 25, 2022 alleging that Mr. Hasan is 'engaging in certain terrorist activities.'" (Doc. # 31 at 6). A letter from the U.S. Embassy in Jerusalem to Mr. Hasan, dated July 25, 2022, states that Mr. Hasan's "visa application is refused because [he has] been found ineligible to receive a visa under the following section(s) of the Immigration and Nationality Act (INA)." (Doc. # 30-1). The letter then indicates that the relevant section of the INA is Section 212(a)(3)(B), "which prohibits the issuance of a visa to anyone who has engaged in certain terrorist activities." (Id.). The letter also states that "[n]o waiver is available for the grounds of ineligibility." (Id.).

Plaintiffs then filed their Amended Complaint on October 3, 2022, seeking to compel Defendants "to provide a detailed explanation of the denial and all documents relevant to that denial" and "to properly adjudicate Plaintiffs' Form I-130 or present sufficient evidence to support their denial." (Doc. # 31).

Now, the government moves to dismiss the case under the doctrines of consular nonreviewability and, in part, mootness. (Doc. # 35). Plaintiffs have responded (Doc. # 39), and the Motion is ripe for review.

**II. <u>Legal Standard</u>**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

#### A. Jurisdiction

As a preliminary matter, the government first argues that this Court lacks jurisdiction to review the visa decision under the doctrine of consular nonreviewability. (Doc. # 35 at 12-17).

The government is incorrect and fails to cite the Eleventh Circuit's published decision on this issue. See Del Valle v. Sec'y of State, United States Dep't of State, 16 F.4th 832, 838 (11th Cir. 2021) ("The district court here ruled that the doctrine was jurisdictional in nature. . . . But we now make clear that, when the doctrine of consular non-reviewability bars review of a consular official's decision, a district court should dismiss a suit challenging the decision under Rule 12(b)(6)." (citation omitted)). In holding that the consular nonreviewability doctrine was not jurisdictional, the Eleventh Circuit emphasized that the doctrine is "judicially created" and "is not the consequence of legislation that divests federal courts of jurisdiction." Id. "In other words, the doctrine goes to the merits of a claim." Id.; see also Matushkina v. Nielsen, 877 F.3d 289, 294 n.2 (7th Cir. 2017) ("We treat the doctrine of consular

nonreviewability as a matter of a case's merits rather than the federal courts' subject matter jurisdiction.").

The Motion is denied to the extent it seeks dismissal for lack of subject matter jurisdiction. Rather, the consular nonreviewability doctrine will be addressed as a merits issue later in this Order.

### B. Mootness

The government also argues that the Amended Complaint is moot in part. (Doc. # 35 at 10-11). The government insists that Plaintiffs "do not appreciate immigration law or are conflating the argument regarding the application of a visa from the Department of State and getting an I-130 approved from USCIS." (Id. at 10). Importantly, there is a difference between a Form I-130 and an application for an immigrant visa. "Through a Form I-130 (Petition for Alien Relative), a United States citizen can seek to establish that certain alien relatives, including spouses, are 'immediate relatives' eligible for an immigrant visa." Del Valle, 16 F.4th at 835. After approval of a Form I-130, "[i]mmediate relatives residing outside the United States must apply for an immigrant visa at a United States Embassy or Consulate in their country of residence and attend an interview with a consular official." Id. at 836.

6

According to the government, the Form I-130 for Mr. Hasan was approved by USCIS years ago and "is still approved." (Doc. # 35 at 11; Doc. # 1-2 at 2). Rather, it was the subsequent visa application — for which the approved Form I-130 formed the basis — that was ultimately denied. (Doc. # 35 at 11).

Because the Form I-130 was approved, the Court agrees with the government that this case is moot as to Plaintiffs' request for review of the alleged denial of the Form I-130. See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). However, to the extent Plaintiffs seek to compel an explanation for the denial of the visa application, the case is not moot.

C.  **Merits**

Thus, the Court now turns to the merits of Plaintiffs' claim regarding the denial of the visa application by the consular officer.

"The doctrine of consular non-reviewability, established by the Supreme Court, bars judicial review of a consular official's decision regarding a visa application if the reason given is 'facially legitimate and bona fide.'" Del Valle, 16 F.4th at 835; see also Kerry v. Din, 576 U.S. 86,

7

103-04 (2015) (Kennedy, J., concurring in the judgment) (applying the doctrine).[1] "Once this standard is met, 'courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against' the constitutional interests of citizens the visa denial might implicate." Din, 576 U.S. at 104 (Kennedy, J., concurring in the judgment) (quoting Kleindienst v. Mandel, 408 U.S. 753, 770 (1972)). "This reasoning has particular force in the area of national security, for which Congress has provided specific statutory directions pertaining to visa applications by noncitizens who seek entry to this country." Id.

"[R]easons are (1) facially legitimate when they cite valid statutory provisions of inadmissibility and (2) bona fide when they identify the factual predicates that exist for a visa denial." Del Valle, 16 F.4th at 841. A consular officer is not required to "identify the real-world facts (the who, what, when, where, why, and how) that served as the basis for the visa denial" for the government to "satisfy the bona-

---

[1] Because there was no majority opinion, Justice Kennedy's "separate opinion, which applied Mandel, serves as the holding in Din." Del Valle, 16 F.4th at 840 (11th Cir. 2021); see also Cardenas v. United States, 826 F.3d 1164, 1171 (9th Cir. 2016) ("The government argues that Justice Kennedy's concurrence controls. We agree.").

fide-reason prong." Id. "Instead, a citation to a statutory inadmissibility provision meets both prongs of the standard where the provision 'specifies discrete factual predicates the consular officer must find to exist before denying a visa.'" Id. (quoting Din, 576 U.S. at 105 (Kennedy, J., concurring in the judgment)).

"Once the government has made that showing [of a facially legitimate and bona fide reason for denial of a visa], the plaintiff has the burden of proving that the reason was not bona fide by making an 'affirmative showing of bad faith on the part of the consular officer who denied [] a visa.'" Cardenas v. United States, 826 F.3d 1164, 1172 (9th Cir. 2016) (quoting Din, 576 U.S. at 105 (Kennedy, J., concurring in the judgment)).

The government is correct that the doctrine of consular nonreviewability applies to this case. The consular officer cited a specific provision to support his denial of the visa: Section 212(a)(3)(B) of the INA, which is codified as 8 U.S.C. § 1182(a)(3)(B). (Doc. # 30-1; Doc. # 31 at 6). Section 1182(a)(3)(B) provides:

    Any alien who--

    (I) has engaged in a terrorist activity;

(II) a consular officer, the Attorney General, or the Secretary of Homeland Security knows, or has reasonable ground to believe, is engaged in or is likely to engage after entry in any terrorist activity (as defined in clause (iv));

(III) has, under circumstances indicating an intention to cause death or serious bodily harm, incited terrorist activity;

(IV) is a representative (as defined in clause (v)) of--

>   (aa) a terrorist organization (as defined in clause (vi)); or

>   (bb) a political, social, or other group that endorses or espouses terrorist activity;

(V) is a member of a terrorist organization described in subclause (I) or (II) of clause (vi);

(VI) is a member of a terrorist organization described in clause (vi)(III), unless the alien can demonstrate by clear and convincing evidence that the alien did not know, and should not reasonably have known, that the organization was a terrorist organization;

(VII) endorses or espouses terrorist activity or persuades others to endorse or espouse terrorist activity or support a terrorist organization;

(VIII) has received military-type training (as defined in section 2339D(c)(1) of Title 18) from or on behalf of any organization that, at the time the training was received, was a terrorist organization (as defined in clause (vi)); or

(IX) is the spouse or child of an alien who is inadmissible under this subparagraph, if the activity causing the alien to be found inadmissible occurred within the last 5 years,

is inadmissible. An alien who is an officer, official, representative, or spokesman of the

10

> Palestine Liberation Organization is considered, for purposes of this chapter, to be engaged in a terrorist activity.

8 U.S.C. § 1182(a)(3)(B).

Here, as in <u>Din</u>, the citation to Section 1182(a)(3)(B) by the consular officer satisfies both the facially legitimate and bona fide requirements. As Justice Kennedy explained in <u>Din</u>:

> Here, the consular officer's determination that Din's husband was ineligible for a visa was controlled by specific statutory factors. The provisions of § 1182(a)(3)(B) establish specific criteria for determining terrorism-related inadmissibility. **The consular officer's citation of that provision suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements**. Given Congress' plenary power to "suppl[y] the conditions of the privilege of entry into the United States," it follows that the Government's decision to exclude an alien it determines does not satisfy one or more of those conditions is facially legitimate under <u>Mandel</u>.
>
> **The Government's citation of § 1182(a)(3)(B) also indicates it relied upon a bona fide factual basis for denying a visa to Berashk**. Din claims due process requires she be provided with the facts underlying this determination, arguing <u>Mandel</u> required a similar factual basis. It is true the Attorney General there disclosed the facts motivating his decision to deny Dr. Mandel a waiver, and that the Court cited those facts as demonstrating "the Attorney General validly exercised the plenary power that Congress delegated to the Executive." **But unlike the waiver provision at issue in <u>Mandel</u>, which granted the Attorney General nearly unbridled discretion, § 1182(a)(3)(B) specifies discrete factual**

11

> **predicates the consular officer must find to exist before denying a visa.**

Din, 576 U.S. at 104-05 (Kennedy, J., concurring in the judgment) (citations omitted and emphasis added).

Thus, the government is not required to provide facts or documents underlying a consular officer's determination that a visa applicant was inadmissible under certain sections of the INA, including Section 1182(a)(3)(B). See Del Valle, 16 F.4th at 841 ("As far as we can tell, none of our sister circuits have held after Din that a consular official must always identify the on-the-ground facts on which a visa denial is based. Instead, a citation to a statutory inadmissibility provision meets both prongs of the standard where the provision 'specifies discrete factual predicates the consular officer must find to exist before denying a visa.'" (citation omitted)); see also Id. at 842 ("Mrs. Del Valle claims that the consular non-reviewability doctrine does not preclude the district court from reviewing in camera the evidence on which the consular official found Mr. Del Valle inadmissible. We are unpersuaded. In essence, Mrs. Del Valle is asking for a merits examination of the consular official's determination — precisely the type of review that the consular non-reviewability doctrine forecloses."); Yafai v. Pompeo, 912

12

F.3d 1018, 1021 (7th Cir. 2019) ("When a statute specifies discrete factual predicates that the consular officer must find to exist before denying a visa, the citation of the statutory predicates is itself sufficient. In other words, the consular officer need not disclose the underlying facts that led him to conclude that the statute was satisfied." (citation and internal quotation marks omitted)).

Likewise, Justice Kennedy further explained in Din that the government "was not required . . . to point to a more specific provision within § 1182(a)(3)(B)." Id. at 105 (Kennedy, J., concurring in the judgment); see also 8 U.S.C. § 1182(b)(3) (stating that the Section 1182(b)(1) requirement to provide an alien denied a visa with the "specific provision or provisions of law under which the alien is inadmissible" "does not apply" to a visa denied due to terrorism or national security concerns).

In short, the consular officer here provided a facially legitimate and bona fide reason for denial of Mr. Hasan's visa application by citing to Section 1182(a)(3)(B). The government was not required to provide a citation to a specific subsection of Section 1182(a)(3)(B) or otherwise provide facts or documents supporting its determination.

Importantly, Plaintiffs do not allege bad faith in their Amended Complaint. See Din, 576 U.S. at 105 ("Absent an affirmative showing of bad faith on the part of the consular officer who denied Berashk a visa — which Din has not plausibly alleged with sufficient particularity — Mandel instructs us not to 'look behind' the Government's exclusion of Berashk for additional factual details beyond what its express reliance on § 1182(a)(3)(B) encompassed.") (Kennedy, J., concurring in the judgment). Thus, there is no basis for judicial review of the consular officer's facially legitimate and bona fide reason for denying the visa application.

The Motion is granted, and this case is dismissed. Plaintiffs have not properly sought leave to amend. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly. Moreover, Plaintiffs did not set out new factual allegations in their memorandum that, if added to the complaint, would have been sufficient to confer jurisdiction." (citation omitted)). Thus, the Court dismisses and closes the case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Anthony Blinken, Alejandro Mayorkas, Ur M. Jaddou, and Thomas R. Nides's Motion to Dismiss (Doc. # 35) is **GRANTED.** The Amended Complaint is dismissed as moot as to the Form I-130 and dismissed under the doctrine of consular nonreviewability as to the denial of the visa application.

(2) The Clerk is directed to enter judgment accordingly and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of November, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE